UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL LEE AND JOANN SCHRADER,

      Plaintiffs,                       CIVIL ACTION NO. 04-CV-72679-DT

vs.

                                          DISTRICT JUDGE ARTHUR J. TARNOW

MALLINCKRODT BAKER, INC.,      MAGISTRATE JUDGE MONA K. MAJZOUB
AND FISHER SCIENTIFIC
INTERNATIONAL, INC.,

      Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT FISHER SCIENTIFIC'S MOTION FOR AN ORDER TO SHOW CAUSE AS TO WHY ARKEMA, INC. SHOULD NOT BE HELD IN CONTEMPT

     Plaintiff, a former employee of Pennwalt, filed the instant action on July 19, 2004 claiming that he developed acute myelogenous leukemia after being exposed to benzene while working for Pennwalt from 1974 to 1979. Pennwalt's successor in interest is Arkema, a non-party. On December 13, 2004, Defendant Fisher named Arkema in a Notice of Non-Party Fault pursuant to Mich. Comp. Laws § 600.2957. On February 22, 2005, Defendant Fisher served a Subpoena and Request for Production of Documents on Arkema. Arkema alleges that its counsel conferred with Fisher's counsel "in an attempt to narrow the scope of the subpoena." On March 30, 2005, Arkema responded by objecting to many of Fisher's requests as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding its objections, Arkema indicated that it was unable to locate documents responsive to Fisher's requests.

     On April 15, 2005, Defendant Fisher filed a Motion for An Order to Show Cause as to Why Arkema, Inc. Should Not be Held in Contempt to which Arkema filed a response and Fisher filed a reply. The matter has been referred to the undersigned for hearing and determination pursuant to 28

U.S.C. § 636(b)(1)(A) and the parties presented oral arguments on May 25, 2005.

Rule 45 governs contempt as a remedy to enforce a subpoena. In relevant part, Fed. R. Civ. P. 45 provides:

> Failure to any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a non-party to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Fed. R. Civ. P. 45(e). Rule 45(c)(2)(B) allows a party upon whom a subpoena has been served to file "written objection[s]" in response to the subpoena. Where objections have been made, "the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production."

In this case, Arkema responded to the subpoena with objections as permitted under Fed. R. Civ. P. 45(c)(2)(B). Thus, Defendant Fisher's motion for contempt is unwarranted. Defendant Fisher's recourse, if any, would be to file a properly supported motion to compel under Fed. R. Civ. P. 37. The Court declines to treat Defendant Fisher's instant motion as a motion to compel under Rule 37. At the conclusion of oral argument, the Court directed counsel for Arkema and Fisher to confer to further limit the scope of Fisher's discovery request and to agree on the language of an appropriate protective order. If after conferring, counsel for Arkema and Fisher are unable to resolve their discovery dispute, they are free to file a subsequent motion to compel or other similar motion properly supported and briefed.

Accordingly, Defendant Fisher's Motion for an Order to Show Cause as To Why Arkema Should Not be Held in Contempt is **DENIED**.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this

Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: May 26, 2005                         s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated: May 26, 2005                         s/ Lisa C. Bartlett
                                            Courtroom Deputy