UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL LEE SCHRADER and
JOANN SCHRADER,

      Plaintiffs,

v.                                                                                  Case No. 04-72679

MALLINCKRODT BAKER, INC.,                          Honorable Arthur J. Tarnow
et al.                                                                            United States District Judge

      Defendants.                                         Mag. Judge Mona K. Mazjoub
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL [30]

### I. BACKGROUND

On June 21, 2005, Plaintiffs filed a motion to compel Defendant Fisher Scientific to respond to discovery. On July 18, 2005, Defendant filed a response to Plaintffs' motion [41]. Plaintiffs' motion is currently scheduled for oral argument on September 20, 2005. However, the Court finds that the motion is appropriate for decision without oral argument under E.D. Mich. LR 7.1.

Plaintiffs request that Fisher Scientific be compelled to: (1) produce reports of its expert witnesses; (2) make a corporate designee available for deposition; and (3) answer Plaintiffs' interrogatory number 11 concerning other benzene-related claims against Fischer Scientific. For the reasons that follow, Plaintiffs' motion will be GRANTED IN PART and DENIED IN PART.

Schrader v. Mallinckrodt Baker, et al.
04-72679

## II.  DISCUSSION

### A.  Expert Witness Report

The requirement of production of expert reports is set forth in Fed. R. Civ. P. 26(a)(2):

> (A) In addition to the [initial] disclosures required by paragraph (1). a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2).

Rule 26 clearly allows parties to circumvent the disclosure requirements through stipulation.  Defendant argues that the parties stipulated around disclosure by agreeing to "produce such reports as exist consistent with requirements of FRCP 26."

The Court finds that this is not a sufficient stipulation out of the mandatory

Schrader v. Mallinckrodt Baker, et al.<br>04-72679

disclosure requirements of the rule. Therefore, Plaintiffs' motion to compel will be GRANTED as to the expert reports.

### B. Deposition of Fisher Scientific's Corporate Designee

On May 16, 2005, Plaintiffs' counsel deposed Jeffrey T. Jochims, who signed Defendant's interrogatory responses. However, Plaintiffs claim that Jochims was deposed only in his capacity as the person who responded to Plaintiffs' interrogatories. Plaintiff argues that Defendant should be compelled to produce Jochims for a second deposition that will inquire as to subjects appropriate for a corporate designee.

The Court finds that further deposition of Mr. Jochims would be duplicative and would not yield further useful discovery in light of the factual record presented. Therefore, Plaintiffs' motion to compel will be DENIED as to further deposition of Mr. Jochims.

Plaintiffs suggest that in lieu of compelling a second deposition of Mr. Jochims, the Court should issue an order limiting Fisher Scientific to presenting evidence obtained in Jochims' prior deposition and through transcripts of prior depositions provided by Defendant. The Court finds that these issues are more appropriate for pre-trial motions following the close of discovery. Therefore, the Court will not issue an order as to the scope of Defendant's available proofs at this time.

Schrader v. Mallinckrodt Baker, et al.
04-72679

### C. Plaintiffs' Interrogatory Number 11 Requesting Information About Other Benzene Claims

Plaintiffs argue that Defendants should be compelled to produce information concerning prior benzene-related claims. Plaintiff's Interrogatory #11 stated:

> Please state whether a complaint, claim, or lawsuit has been previously filed against Defendant alleging personal injury as a result of exposure to benzene. If your answer is yes, for each such complaint, claim or lawsuit, please:
>
> (a)   identify the individually [sic] allegedly injured;
> (b)   provide the complaint, claim or lawsuit that was initiated;
> (c)   provide the cause number and court;
> (d)   state whether the complaint, claim, or lawsuit is currently pending;
> (e)   state the exact disposition of the complaint, claim or lawsuit (resolved by trial, settlement, or dismissed);
> (f)   identify each document relating to the complaint, claim, or lawsuit and identify the custodian of each document.

Plaintiff's Interrogatory #11.

Defendant's original objection to the interrogatory stated that it would produce the requested information if it was limited in scope to the time frame alleged in Plaintiffs' complaint. According to Defendant, information pre-dating the incidents alleged would be irrelevant and wasteful.

The Court finds Plaintiffs are entitled to the information sought in interrogatory # 11(a)-(e) but not 11(f). Even old information concerning the dangers of benzene is relevant to the question of whether or not Defendant negligently marketed the

Schrader v. Mallinckrodt Baker, et al.
04-72679

chemical. However, the information requested in (f) would be unduly burdensome to produce, and Plaintiffs could find any such documents on their own by following up on the responses to (a) through (e). Therefore, Plaintiff's motion to compel should be GRANTED IN PART as to Interrogatory #11, so that Defendant be required to produce all of the requested information except for the documents requested 11(f).

### III. CONCLUSION

For the foregoing reasons, the Court HEREBY ORDERS AS FOLLOWS:

1. As to Defendant's expert reports, Plaintiffs' motion to compel is GRANTED;

2. As to further deposition of Jeffrey T. Jochims as corporate designee, Plaintiff's motion to compel is DENIED.

3. As to Interrogatory #11, Plaintiff's motion to compel is GRANTED as to Interrogatories 11(a)-(e) and DENIED as to Interrogatory 11(f).

IT IS SO ORDERED.


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 23, 2005 by electronic and/or ordinary mail.

s/ Theresa E. Taylor
Case Manager

5

Schrader v. Mallinckrodt Baker, et al.
04-72679

6